UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE CISNEROS,

      Petitioner,

v.                                          Case No. 8:05-cv-762-T-27TGW

WALTER A. MCNEIL[1],

      Respondent.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, petitions for the writ of habeas corpus

pursuant to 28 U.S.C. § 2254 and challenges the validity of his conviction for trafficking in cocaine

(Dkt. #1).   The Respondent argues that Petitioner's claims are unexhausted and procedurally

defaulted, fail to state a federal constitutional claim or fail to meet the threshold requirements of 28

U.S.C. § 2254(d) and (e).

Petitioner was convicted and sentenced to fifteen years' imprisonment.  The state courts

affirmed Petitioner's conviction and sentence on direct appeal and denied Petitioner's subsequent

amended state Rule 3.850 motion and petition for writ of habeas corpus.  Petitioner's  Section 2254

petition followed.

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding.

_____

[1] Walter A. McNeil, Secretary of the Florida Department of Corrections, is substituted as the
party respondent. Fed. R. Civ. P. 25(d).

*Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001)

("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

Petitioner has the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). Petitioner's petition is subject to the provisions of the AEDPA because his conviction was entered after the AEDPA was enacted. Consequently, a presumption of correctness attaches to the finding of facts in the trial court's rejection of Petitioner's claims.

**Ground One**

Petitioner contends that the trial court committed reversible error by limiting Petitioner's cross-examination of confidential informants Juana Jaremillo ("Jaremillo") and Felipe Rivas ("Rivas"). Petitioner alleges that his trial counsel sought to impeach both witness by demonstrating that they had formed an "unauthorized social or romantic relationship and, as a result, set out to frame Petitioner."

Petitioner presented this claim on direct appeal based on state law grounds only and failed to allege the violation of a federal constitutional right (Dkt. #7, Ex. 1). Before a federal court may grant habeas relief, a federal habeas petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[T]he state prisoner must

give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. at 842. *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003).

A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d at 1358-59 (*quoting O'Sullivan v. Boerckel*, 526 U.S. at 845). To exhaust a claim, a petitioner must present the state court with the particular legal basis for relief in addition to the facts supporting the claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (*quoting Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

Petitioner failed to present the federal component of Ground One to the state court on direct appeal. Consequently, he deprived the state courts of a "full and fair opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845. Petitioner's exclusively state law arguments presented on direct appeal leave the exhaustion requirement unsatisfied. *Duncan v. Henry*, 513 U.S. at 365. *See also Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). Ground One remains unexhausted and, therefore, federal review is precluded.

Neither can Petitioner return to state court to present his federal claims. Because he could have raised and preserved a federal constitutional claim on direct appeal, Petitioner is precluded from doing so collaterally in a Rule 3.850 motion. *See e.g., Childers v. State*, 782 So.2d 946, 947 (Fla. 4th DCA 2001) ("The law is clear that where an issue could have been raised on direct appeal, it is not the proper subject for a Rule 3.850 motion.") (citations omitted). Consequently, Ground One is procedurally defaulted.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478

(1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). In other words, he must show at least a reasonable probability of a different outcome. *Henderson v. Campbell*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. at 495-96; *Henderson v. Campbell*, 353 F.3d at 892. "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner fails to demonstrate cause and prejudice excusing his default. Petitioner has neither alleged nor shown that the fundamental miscarriage of justice exception applies. Because Petitioner fails to proffer specific facts showing an exception to procedural default, *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), Ground One is procedurally barred from federal review.[2]

---

[2] To the extent Ground One might allege a federal due process violation, no relief is warranted. The limitation on federal habeas review to claims of federal constitutional error applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976). To the extent Petitioner challenges the trial court's evidentiary ruling, no relief is warranted. An evidentiary ruling by the state trial court is a matter of state law and is not cognizable on federal habeas corpus review. *See* 28 U.S.C. § 2254(a). *See also Estelle v. McGuire*, 502 U.S. at 67 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Even if Ground One was not procedurally barred and to the extent that this ground, liberally construed, asserts a violation of the Confrontation Clause, the claim warrants no relief. "[T]he Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987) (*quoting Delaware v. Fernsterer*, 474 U.S. 15, 20 (1987)).

> A limitation on cross-examination can violate the Sixth Amendment right to confrontation if it prevents the defendant from showing that a witness is biased: A criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby "to expose to the jury that facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness."

*De Lisi v. Crosby*, 402 F.3d 1294, 1300-01 (11th Cir. 2005) (*quoting Delaware v. Arsdall*, 475 U.S. 673, 680 (1986)). "Not every limitation on cross-examination violates the Confrontation Clause. 'The Sixth Amendment does not require unlimited inquiry into the potential bias of a witness. As long as sufficient information is elicited from the witness from which the jury can adequately assess possible motive or bias, the Sixth Amendment is satisfied.'" *De Lisi v. Crosby*, 402 F.3d at 1301 (*citing United States v. Lankford*, 955 F.2d 1549, n. 10 (11th Cir. 1992) (internal citations and quotation marks omitted)). A trial judge may limit cross-examination, without violating a defendant's Sixth Amendment rights, under the following circumstances:

> (1)    the jury, through the cross-examination permitted, was exposed to facts sufficient for it to draw inferences relating to the reliability of the witness; and

> (2)    the cross-examination conducted by defense counsel enabled him to make a record from which he could argue why the witness might have been biased.

*United States v. Calle*, 822 F.2d 1016, 1020 (11th Cir. 1987).

Petitioner's trial counsel questioned both Jaremillo and Rivas about the nature of their relationship (Dkt. #7, Ex. 19, Vol. III, pp. 245-46, 260-63, 345-47). The trial court afforded Petitioner ample opportunity to cross-examine Jaremillo and Rivas and the record shows that the trial court did not unreasonably limit or impede Petitioner's opportunity to cross-examine either of these witnesses. The trial court did not deny Petitioner the opportunity to question Jaremillo or Rivas about their possible bias; rather, the trial court limited Petitioner's questioning to matters relevant to Jaremillo and Rivas's involvement with the investigation of Petitioner and limited cumulative questioning about matters already established. Petitioner's cross-examination of Jaremillo and Rivas sufficiently exposed relevant facts from which the jury could evaluate their credibility. Petitioner created a record that Jaremillo and Rivas's testimony was arguably unreliable. The Sixth Amendment Confrontation Clause "is satisfied where sufficient information is elicited from the witness from which the jury can adequately gauge the witnesses' [sic] credibility." *United States v. Burke*, 738 F.2d 1225, 1227 (11th Cir. 1984) (*citing Davis v. Alaska*, 415 U.S. 308, 315-16 (1974)).

Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts. *See* 28 U.S.C. § 2254(d)(1), (2). Ground One warrants no federal habeas corpus relief.

**Ground Two**

Petitioner contends that the trial court erred in finding no prejudice resulting from the State's alleged discovery violation. Specifically, Petitioner asserts that trial counsel moved to strike the testimony of Officer Julio Lima ("Lima") because the prosecution failed to list Lima as a witness.

The trial court permitted Lima to testify.[3] Petitioner further asserts that the trial court improperly permitted Agent Rick Swearingen ("Swearingen"), the lead agent in Petitioner's case, to use various reports to refresh his recollection while testifying. Petitioner argues that after defense counsel moved to exclude the reports, the trial court failed to conduct a hearing on the reports' alleged prejudicial effect. Trial counsel objected to the use of the reports, believing that the trial court excluded them. "The trial court, while neither correcting counsel nor issuing a belated ruling, simply stated that the use of the reports did not matter" (Dkt. #1, p. 9).

As in Ground One, Petitioner presented the claims asserted as Ground Two of his federal habeas petition to the state court on direct appeal (Dkt. #7, Ex. 1). However, he presented the claims in state law terms only and failed to assert a violation of a federal constitutional right. Consequently, he deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845. Petitioner's exclusively state law arguments presented on direct appeal leave the exhaustion requirement unsatisfied. *Duncan v. Henry*, 513 U.S. at 365; *Baldwin v. Reese*, 541 U.S. at 32. Ground Two remains unexhausted and, therefore, precludes federal review.

Neither can Petitioner return to state court to present his federal claims. Because he could have raised and preserved a federal constitutional claim on direct appeal, Petitioner is precluded from doing so collaterally in a Rule 3.850 motion. *See Childers v. State*, 782 So.2d 946 at 947. Consequently, Ground Two is procedurally defaulted. Petitioner fails to demonstrate either cause and prejudice or that the fundamental miscarriage of justice exception applies. Because Petitioner

---

[3] The trial court ruled that the defense knew of Lima despite his omission from discovery and determined that any prejudice was cured (Dkt. #7, Ex. 19, Vol. III, pp. 191-206).

fails to proffer specific facts showing an exception to procedural default, *Hill v. Jones*, 81 F.3d at 1015, Ground Two is procedurally barred from federal review.

Even if Ground Two was not procedurally barred, the ground warrants no relief. To the extent that Petitioner asserts that the trial court erred by failing to conduct a *Richardson*[4] hearing, the claim lacks merit. Federal habeas relief for a person in custody pursuant to the judgment of a state court is available only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Whether the trial court failed to conduct a *Richardson* hearing is a matter of state law and is not cognizable on federal habeas corpus review.

**Ground Three**

Petitioner claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

---

[4] Petitioner alleges that the trial court failed to conduct a hearing pursuant to *Richardson v. State*, 246 So.2d 771 (Fla. 1971). A *Richardson* hearing is held to determine whether the State committed a discovery violation in contravention of the Florida Rules of Criminal Procedure and, if so, whether the non-compliance resulted in prejudice to the defendant's ability to prepare for trial. *Richardson v. State*, 246 So.2d at 775.

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.   A
reasonable probability is a probability sufficient to undermine confidence in the outcome."
*Strickland v. Washington*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts
relevant to plausible options are virtually unchallengeable; and strategic choices made after less than
complete investigation are reasonable precisely to the extent that reasonable professional judgments
support the limitations on investigation." *Strickland v. Washington*, 466 U.S. at 690-91. Petitioner
cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the
> test even what most good lawyers would have done. We ask only whether some
> reasonable lawyer at the trial could have acted, in the circumstances, as defense
> counsel acted at trial. . . . We are not interested in grading lawyers' performances;
> we are interested in whether the adversarial process at trial, in fact, worked
> adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*,
218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could
have done something more or something different. So, omissions are inevitable. . . . [T]he issue is
not what is possible or 'what is prudent or appropriate, but only what is constitutionally
compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v.
Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

In Ground Three, Petitioner presents two claims of ineffective assistance of trial counsel.
First, Petitioner alleges that his trial counsel rendered ineffective assistance by failing "to request
the portion of the jury instruction on knowledge of the illicit nature of the . . . cocaine" (Dkt. #1, p.
11). Petitioner claims that "the jurors should have been told the evidence against Petitioner must

prove that he knew about the cocaine that was seized."[5]   The state court rejected this claim in

Petitioner's state Rule 3.850 motion as follows:

> In order to establish a meritorious claim of ineffective assistance of counsel, a
> defendant must first identify omissions by his attorney that were outside the "broad
> range of reasonably competent performance under prevailing professional
> standards." *See Kennedy v. State*, 547 So.2d 912, 913 (Fla. 1989) (citing *Strickland
> v. Washington*, 466 U.S. 668 (1984)). The defendant must further prove that the
> omission "so affected the fairness and reliability of the proceeding that confidence
> in the outcome is undermined." *Id.* at 913 (citing *Strickland*).   In assessing an
> ineffective assistance of counsel claim, the court need not make a specific ruling on
> the performance by trial counsel when "it is clear that the prejudice component is not
> satisfied." *Id.* at 914. The court must apply a strong presumption that counsel's
> conduct fell within the range of reasonable professional assistance. *See State v.
> Hanania*, 715 So.2d 984, 985 (Fla. 2d DCA 1998).
>
> . . .
>
> Defendant claims counsel was ineffective for failing to request a jury instruction on
> knowledge of the illicit nature of the cocaine as an "element of possession and
> delivery and sale of cocaine," *i.e.*, a *Chicone* instruction. *See Chicone v. State*, 684
> So.2d 736 (Fla. 1996). Defendant argues that counsel was deficient because no one
> testified at trial that he knew the illicit substance was cocaine or that he set up the
> deal, and the drugs were not recovered from his person or his vehicle.
>
> The Court instructed the jury on the charged offense of trafficking and all lesser
> offenses according to the standard jury instructions. In the instruction for trafficking,
> the Court instructed the jury on the element, "Jose Cisneros knew that the substance
> was cocaine." On the sale or delivery charge, the Court instructed the jury on the
> element, "Jose Cisneros had knowledge of the presence of the substance." On the
> possession charge, the Court instructed the jury on the element, "Jose Cisneros had
> knowledge of the presence of the substance."
>
> In *Chicone*, the Defendant was charged with possession of cocaine. The Florida
> Supreme Court held that the State is required to prove the defendant knows of the
> illicit nature of the items in his possession. The Court found that [sic] standard jury

---

[5] Knowledge that a substance is illegal was an element of the crime of sale or delivery of a controlled substance
at the time Petitioner was convicted. The Information charged Petitioner with trafficking in cocaine alleged to have
occurred on October 6, 1999 (Dkt. #7, Ex. 1, p. 1; Ex, 19, Vol. I, pp. 4-5). "Guilty knowledge" is no longer an element
of the offense of possession of a controlled substance for an offense committed after May 13, 2002. Fla. Stat. § 893.101
(2002); *Starling v. State*, 842 So.2d 992. The application of Section 893.101 is not retroactive. *Norman v. State*, 826
So.2d 440 (Fla. 1st DCA 2002).

instruction adequate in requiring "knowledge of the presence of the substance," but also agreed that upon a defendant's request, a trial court should expressly instruct the jury that "guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed." *Chicone*, 684 So.2d at 745-746; *see also Lambert v. State*, 728 So.2d 1189 (Fla. 2d DCA 1999).

Defendant claims his counsel was ineffective for failing to request the *Chicone* instruction. [FN1]. The Second District case on which he places primary reliance is *Forget v. State*, 782 So.2d 410 (Fla. 2d DCA 2001). Forget was charged with possession of cocaine and drug paraphernalia. The State argued that Forget could be convicted of possession based on cocaine residue in a glass pipe found on his person. *Id.* at 412. Defense counsel did not, however, request the court to instruct the jury that the State had to establish Forget's knowledge of the presence of the cocaine residue in the pipe. *Id.*

> [FN1] To the extent Defendant appears to argue that the Court's failure to give the *Chicone* instruction constituted fundamental error, this claim is rejected. Failure to instruct on a particular element of a crime is fundamental error only if that element is disputed at trial. *See State v. Delva*, 575 So.2d 643 (Fla. 1991). The element of knowledge of the substance was never placed in issue in the instant case. Defense counsel focused solely on discrediting the State's case through cross-examination of the State's witnesses. In closing, her focus was solely on "paid snitches," their motives and their credibility. The defense never disputed that "drugs" were found, only that the drugs were found in Lopez's vehicle, not the Defendant's vehicle.

On appeal, Forget argued his counsel was ineffective for failure to request the *Chicone* instruction. The Second District reversed and remanded for new trial, finding counsel to be ineffective. In relevant part, the Second District opined:

> In light of the State's failure to present sufficient evidence that a rock of cocaine was found on Forget's person, we conclude that the only evidence which would support the possession of cocaine charge is the residue in the pipe. Because the jury's questions indicated that they were split as to the charge of possession of cocaine and confused on the issues of exclusive and constructive possession, there is a reasonable probability that they would have reached a different verdict if instructed that the State was required to prove knowledge that the substance in the pipe was cocaine. *Id.* at 413.

*Forget* is inapplicable to the facts of the Defendant's case and, in fact, was subsequently distinguished by the Second District in *Jones v. State*, 857 So.2d 969

(Fla. 2d DCA 2003). Jones was convicted of possession of cocaine. Similar to *Forget*, the cocaine in question was limited to residue in a crack pipe found on Jones' person. At trial, Jones did not testify or present any defense, choosing to limit his defense to argument and cross-examination of the State's witnesses. *Id.* at 970. On appeal, he relied on *Forget*, arguing that counsel was ineffective for failing to request a *Chicone* instruction.

The Second District rejected this claim noting that, in *Forget*, the Court had relied upon questions asked by the jury "to establish that the jury was confused and might have reached a different decision if properly instructed." *Id.* In Jones' case, however, the jury "asked no questions and showed no outward signs of confusion." *Id.* The Second District opined in part:

> Given the evidence presented and the fact that the jury undoubtedly believed the testimony of the undercover police officer, *there is no reasonable probability that counsel's failure to request the guilty knowledge instruction resulted in the guilty verdict.*

*Id.* (emphasis added). The result reached in *Jones* is also mandated in this case. Given the evidence presented to the jury in this case, as recited at length in this Order . . . there is no reasonable probability that counsel's failure to request the guilty knowledge instruction resulted in a guilty verdict [FN2].

> [FN2] The Defendant filed a "Notice of Supplemental Authority" on June 28, 2004, supplying the case of *Delice v. State*, 29 Fla. L. Weekly D1212 (Fla. 4th DCA May 19, 2004). *Delice* is inapplicable. It is a direct appeal and does not raise the issue of ineffective assistance of counsel. Moreover, Delice disputed her knowledge of the contents of the package she was purchasing, both in a motion for judgment of acquittal and in closing argument. The Defendant in this case *never* disputed the contents of the backpack, only that it was not found in his vehicle.

(Dkt. #7, Ex. 9, pp. 2, 5-7) (court's record citations omitted).[6]  To obtain relief on this claim, Petitioner must establish that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his Rule 3.850 motion.

---

[6] The state appellate court affirmed the denial of this claim in a *per curiam* decision without written opinion (Dkt. #7, Ex. 11).

"The failure to give an instruction on an element of a crime is fundamental error if the

element was disputed at trial." *Nash v. State*, 951 So.2d 1003, 1005 (Fla. 4th DCA 2007) (*citing*

*Garcia v. State*, 901 So.2d 788, 793 (Fla. 2005); *Reed v. State*, 837 So.2d 366, 369 (Fla. 2002)).

"Conversely, '[f]ailing to instruct on the element of a crime over which the record reflects there was

no dispute is not a fundamental error and there must be an objection to preserve the issue for

appeal.'" *Nash v. State*, 951 So.2d at 1005 (*citing State v. Delva*, 575 So.2d at 645).

> *Chicone* requires that, where a defendant requests it, the jury must be instructed that
> the defendant have knowledge that the substance is illegal.   In this case the
> instruction was not requested, but defendant argues that it was fundamental error not
> to give it.
>
> Because guilty knowledge was not an issue in this case, in that the only position taken by the
> defendant was that he was not the person who sold the cocaine to the informant, any error
> in not giving a guilty knowledge instruction would not rise to the level of fundamental error.
> *State v. Delva*, 575 So.2d 643 (Fla. 1991).

*Davis v. State*, 839 So.2d 734 (Fla. 4th DCA 2003). *See also Starling v. State*, 842 So.2d 992, 993

(Fla. 1st DCA 2003) (because guilty knowledge was not an issue at trial, any error in failing to give

a guilty knowledge instruction was not fundamental error), and *Rhinehart v. State*, 840 So.2d 456

(Fla. 4th DCA 2003) (trial court did not fundamentally err by failing to give guilty knowledge

instruction because the defendant neither presented evidence that he did not know the illicit nature

of the cocaine he delivered nor requested a *Chicone* instruction).

Guilty knowledge was not an issue in Petitioner's case.   Counsel need not have requested

a *Chicone* instruction.[7]   Petitioner fails to show that if counsel had requested the instruction, the jury

---

[7] Trial counsel offered no objection to the trial court's instructions on the charges (trafficking in cocaine and
the lesser included offenses of sale or delivery of cocaine and possession of cocaine) during the charge conference or
when the trial judge read the instructions to the jury prior to their deliberations (Dkt. #7, Ex. 19, Vol. III, pp. 363-71,
404-19).

would have acquitted him.  Petitioner fails to meet *Strickland*'s prejudice requirement.  *See*

*Strickland v. Washington*, 466 U.S. at 691-92.  Absent a demonstration of prejudice, Petitioner

cannot prevail on this claim of ineffective assistance of counsel.  *See Heath v. Jones*, 941 F.3d at

1130; *Chandler v. United States*, 218 F.3d at 1312-14.  Consequently, Petitioner fails to meet his

burden of proving that the state court's denial of this claim of ineffective assistance is an

unreasonable application of controlling Supreme Court precedent or an unreasonable determination

of the facts.  *See* 28 U.S.C. § 2254(d)(1), (2).

In his second claim of ineffective assistance, petitioner claims that counsel rendered

ineffective assistance by filing an insufficient motion for new trial.  Specifically, Petitioner alleges

that trial counsel filed a "generalized motion for new trial."  Petitioner argues that the motion should

have contained the following:

> A new trial should be granted due to the various discovery violations and with
> respect to the verdict and weight of the evidence because the testimony of the
> C[onfidential] I[nfomants] was not credible, the evidence revealing the joint effort
> by the CI's to frame Petitioner and because the other evidence presented by the
> prosecution was convoluted and conjecturious [sic].

(Dkt. #1, p. 12).  The state court rejected this claim of Petitioner's state Rule 3.850 motion as

follows:

> Defendant claims counsel was ineffective for failing to file a legally sufficient
> motion for new trial.  In his motion, Defendant alleges counsel was deficient because
> the circumstances dictated counsel to file such a motion due to the discovery
> violation of the state in its failure to disclose a witness prior to trial.   In his
> memorandum of law, Defendant argues, "counsel was fully aware that the
> circumstances in the defendant's trial dictated that she file a motion for new trial,
> counsel's performance was deficient, and the deficient performance prejudiced the
> defense."
>
> The Defendant's claim is facially insufficient.  Defendant fails to set forth facts
> demonstrating particular acts or omissions by his counsel that fell below an

objectively reasonable standard of performance.   Consequently, he fails to demonstrate any prejudice.   Therefore, the Court rejects his claim.

(Dkt. #7, Ex. 9, pp. 15-16).[8]

Recognizing this deficiency in his Rule 3.850 motion, in his federal habeas petition Petitioner attempts to assert more particularized facts to support this ineffective assistance claim by asserting that counsel should have moved for a new trial based on discovery violations, lack of credibility of the confidential informants and evidence revealing that the informants sought to frame Petitioner. This additional information fails to cure the deficiency in Petitioner's underlying state post-conviction motion. His failure to provide this information at the state level precludes him from doing so here.  Although a petitioner need not present in his federal habeas petition "a verbatim restatement of the claims brought in state court," he may not present particular factual instances of ineffective assistance of counsel in his federal petition that were not first presented to the state courts. *See McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); *Johnson v. Singletary*, 162 F.3d 630, 634-5 (11th Cir. 1998); *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992).   If a petitioner raises an ineffective assistance of counsel claim in state court, but alleges different supporting facts in his federal habeas proceeding, he is deemed to have failed to fairly present the federal claim to the state court.   *See Weeks v. Jones*, 26 F.3d 1030, 1044-46 (11th Cir. 1994) (rejecting petitioner's argument that "the general claim of ineffective assistance of counsel in state court preserves for federal review all alleged instances of ineffectiveness, regardless of whether evidence of a particular act was presented to the state court").

---

[8] The state appellate court affirmed the denial of this claim in a *per curiam* decision without written opinion (Dkt. #7, Ex. 11).

Notwithstanding, Petitioner presents no evidence of entitlement to relief. *See Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). Petitioner fails to meet his burden of proving that the state court's denial of this claim of ineffective assistance is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1), (2). Ground Three warrants no relief.

## Ground Four

Petitioner alleges a denial of a fair and meaningful direct appeal because appellate counsel rendered ineffective assistance by failing to present on appeal a claim that the prosecution improperly exercised a peremptory challenge. Petitioner alleges that the State improperly used three peremptory challenges to exclude three African-American veniremen: Leroy Butler ("Butler"), Elke Steward ("Steward") and John Henry Williams ("Williams").[9] Petitioner further argues that "due

---

[9] Petitioner presented this claim of ineffective assistance of appellate counsel to the state court in his state petition for the writ of habeas corpus (Dkt. #7, Ex. 13). However, in his state petition, Petitioner challenged the State's use of peremptory strikes as to veniremen Butler and Steward only. Petitioner did not raise a claim regarding the State's rejection of venireman Williams, a claim he presents in his federal habeas petition. Petitioner's claim of ineffective assistance of appellate counsel for failure to raise on appeal a claim that the State improperly used a peremptory strike to eliminate Williams is unexhausted because Petitioner failed to present this claim to the state court. *See Snowden v. Singletary*, 135 F.3d at 735; *Duncan v. Henry*, 513 U.S. at 365; *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d at 1344. Petitioner cannot return to state court to present this claim in a second petition for a writ of habeas corpus. *Francois v. Wainwright*, 470 So.2d 685, 686 (Fla. 1985) ("In collateral proceedings by habeas corpus, as in post-conviction proceedings under Florida Rule of Criminal Procedure 3.850, successive petitions for the same relief are not cognizable and may be summarily denied."). Consequently, the claim is procedurally defaulted. *See Smith v. Jones*, 256 F.3d at 1138. Petitioner fails to demonstrate cause and prejudice excusing his default. *See Wright v. Hopper*, 169 F.3d at 703; *United States v. Frady*, 456 U.S. at 152; *Henderson v. Campbell*, 353 F.3d at 892. Petitioner has neither alleged nor shown that the fundamental miscarriage of justice exception applies. *See Edwards v. Carpenter*, 529 U.S. at 451; *Murray v. Carrier*, 477 U.S. at 495-96; *Henderson v. Campbell*, 353 F.3d at 892. Because Petitioner fails to proffer specific facts showing an exception to procedural default, *Hill v. Jones*, 81 F.3d at 1015, Petitioner's claim regarding Williams is procedurally barred from federal review. Petitioner's Ground Four is limited to his claims involving Butler and Steward.

to the manner in which the prosecution eliminated three potential African-American jurors, Petitioner was denied his constitutionally guaranteed rights to equal protection and due process of law" (Dkt. #1, p. 16). The state appellate court summarily rejected this claim of Petitioner's state petition for the writ of habeas corpus (Dkt. #7, Exs. 13, 16).[10]

Strickland also governs an ineffective assistance of appellate counsel claim. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502 U.S. 1077 (1992). To establish a claim of ineffective assistance of appellate counsel, a habeas petitioner must show that appellate counsel performed deficiently and that the deficient performance resulted in prejudice. To demonstrate deficient performance, Petitioner must show that appellate counsel's failure to raise the claim of trial court error was outside the range of professionally acceptable performance. Chandler v. United States, 218 F.3d at 1312-13. To demonstrate prejudice, Petitioner must show that appellate counsel's deficient performance undermines confidence in the correctness of the result. Chandler v. United States, 218 F.3d at 1312-14; Wellington v. United States, 314 F.3d 1256, 1260 (11th Cir. 2002).

In Florida, a party objecting to another party's use of a peremptory challenge on the basis of race must (a) make a timely objection on that basis, (b) show that the prospective juror is a member of a distinct racial group, and (c) request that the court ask the other party its reason for the challenge. Murray v. Haley, 833 So.2d 877, 879 (Fla. 1st DCA 2003) (citing Melbourne v. State, 679 So.2d 759, 764 (Fla. 1996)). If these initial requirements are met, the proponent of the challenge must come forward with a race-neutral reason for the challenge. Murray v. Haley, 833 So.2d at 879 (citing Melbourne v. State, 679 So.2d at 764; Jones v. State, 787 So.2d 154, 156 (Fla.

---

[10] The state appellate court's decision warrants deference under Section 2254(d)(1). Wright v. Moore, 278 F.3d at 1254.

4th DCA 2001)). If the explanation is facially race-neutral and the court believes that, given all of the circumstances surrounding the challenge, the explanation is not a pretext, the challenge will be sustained. *Murray v. Haley*, 833 So.2d at 879 (*citing Melbourne v. State*, 679 So.2d at 764; *Jones v. State*, 787 at 156).

Petitioner's trial counsel objected to the State's use of a peremptory challenge to strike Leroy Butler. During jury selection, the following exchange transpired:

| | |
|---|---|
| State: | We would strike number four, Mr. Leroy Butler. |
| Court: | All right [sic]. |
| Defense: | Your Honor, I would ask for an inquiry. Mr. Leroy Butler is a black male, and I have made extensive notes about his responses to the questions. |
| Court: | Okay. He's an African-American and pursuant to the case law I think she has sufficiently raised the issue. [State]? |
| State: | Mr. Butler indicated that he has a relative who is incarcerated and that relative's case has not been handled fairly. I specifically inquired of all persons  with family relations with dealings with the criminal justice system with how they felt about the fairness of the case and Mr. Butler indicated that he felt his relative had not been treated fairly in his case. |
| Court: | He's also the fellow that had the son, his son's case is pending before this criminal division as well. |

| | |
|---|---|
| State: | Right, he is the individual whose son has a case pending before this Court. That's correct. |
| Court: | Any further argument? |
| Defense: | Yes, Your Honor. As to Mr. Butler, that his quote was, even though he believes his relatives were not treated fairly, he believes he can be fair and separate - - |
| Court: | There's no argument as far as that is concerned. Is that right, [State], he did say that; correct? |
| State: | No, no, we're not trying to raise a cause challenge. No. |
| Defense: | Which is exactly the same thing Ms. Steward said, that she also has relatives and that she - - she also felt that she could be fair. |
| Court: | Well, we'll wait and see. Perhaps when we get to her the State will be exercising a peremptory challenge against her as well. I don't know, we haven't gotten to that point yet. |
| | Thank you, counsel, for both sides. I will allow the strike, finding that it is both race neutral and the reasons advanced I find to be genuine. . . . |

(Dkt. #7, Ex. 19, Vol. II, pp. 83-84).

With respect to Butler, defense counsel timely objected to the State's peremptory challenge, demonstrated that Butler is African-American and requested that the trial court inquire of the State its reason for the challenge. The trial court inquired of the State and the State offered race-neutral reasons for striking Butler. The trial court determined that the State's proffered reasons for striking

Butler were not pretextual and sustained the State's challenge. The trial court properly evaluated and sustained the State's peremptory challenge in accordance with state law. *See Murray v. Haley*, 833 So.2d at 879; *Melbourne v. State*, 679 So.2d at 764; *Jones v. State*, 787 So.2d at 156. Consequently, no basis existed for appellate counsel to challenge on appeal the State's peremptory strike of Butler.

Petitioner fails to show that appellate counsel unreasonably elected not to raise this issue on appeal or that Petitioner would have prevailed on this issue on appeal if appellate counsel had raised such a claim. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). Absent a demonstration of prejudice, Petitioner cannot prevail on this claim of ineffective assistance of appellate counsel. *See Heath v. Jones*, 941 F.3d at 1130; *Chandler v. United States*, 218 F.3d at 1312-14.

With respect to Elke Steward, Petitioner likewise cannot prevail on a claim of ineffective assistance of appellate counsel. During jury selection, the following exchange transpired:

| | |
|---|---|
| Court: | . . . Now we will test the State on Elke Steward. |
| State: | We'd exercise a peremptory challenge on number ten, Ms. Steward. |
| Court: | You don't feel that I forced you into that. That was the plan all along? |
| State: | No, I made the notation.[11] |

---

[11] Defense counsel did not object or request further inquiry by the court regarding the State's use of a peremptory strike against Elke Steward (Dkt. #7, Ex. 19, Vol. II, p. 86).

(Dkt. #7, Ex. 19, Vol. II, pp. 85-86).

The record shows that trial counsel made no objection to the State's peremptory challenge of Steward. Consequently, Petitioner could not challenge the trial court's ruling on appeal because trial counsel failed to preserve the issue for appellate review.[12] Appellate counsel is not deemed ineffective for failing to raise issues unpreserved for appeal. *Medina v. Dugger*, 586 So.2d 317, 318 (Fla. 1991). An exception exists if appellate counsel fails to raise a claim, although not preserved for appeal, that presents a fundamental error. A fundamental error is an error that "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Kilgore v. State*, 688 So.2d 895, 898 (Fla. 1996) (citations omitted). Petitioner fails to establish fundamental error. Accordingly, Petitioner fails to show that his appellate counsel rendered ineffective assistance by failing to raise this unpreserved issue on appeal. Ground Four warrants no federal habeas relief.

It is therefore ORDERED AND ADJUDGED that:

1.     Petitioner's petition for the writ of habeas corpus (Dkt. #1) is DENIED.

2.     The Clerk is to enter judgment for Respondent and close this case.

**DONE** and **ORDERED** in Tampa, Florida on _April 23rd_, 2008.

_____
**JAMES D. WHITTEMORE**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel/Parties of Record

---

[12] Petitioner does not allege that appellate counsel should have raised a claim of ineffective assistance of trial counsel for failing to object to the trial court allowing the State to use a peremptory strike to eliminate Steward.